# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THERESA F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-05476-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Theresa F. ("Plaintiff") appeals from the final decision of the Social Security Commissioner denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").[1] The Commissioner's decision is AFFIRMED and this action is DISMISSED with prejudice.

## I. BACKGROUND

Plaintiff filed applications for DIB and SSI on June 16, 2014, alleging disability beginning March 1, 2011. See Dkt. 16, Administrative Record ("AR") 214-20, 221-27. After being denied initially and upon reconsideration,

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Plaintiff received a hearing before an Administrative Law Judge ("ALJ") on December 14, 2016. See AR 140-49, 152-63. The ALJ heard testimony from Plaintiff and a vocational expert ("VE"). See AR 50-83. After an unfavorable decision by the ALJ, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. AR 1-6. This action followed.

## II. DISCUSSION

Plaintiff argues that the ALJ: (1) improperly determined Plaintiff's mental impairments were not severe, (2) improperly discounted the subjective symptom testimony of Plaintiff and her roommate, and (3) failed to properly determine Plaintiff's inability to do past relevant work and other work. See Dkt. 24, Joint Stipulation ("JS").[2]

### A. Substantial Evidence Supports the ALJ's Determination that Plaintiff's Mental Impairments Were Not Severe

"In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments." Keyser v. Comm'r SSA, 648 F.3d 721, 725 (9th Cir. 2011). Severe impairments have more than a minimal effect on an individual's ability to perform basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Social Security Ruling ("SSR") 85-28. For mental impairments, the

---

[2] All citations to the JS are to the CM/ECF pagination. All citations to the AR are to the record pagination.

ALJ examines four broad functioning areas and determines the degree of limitation in each of four broad functional areas and assigning them a value on a five-point scale. See 20 C.F.R. §§ 404.1520a(c), 416.920a(c).

Here, the ALJ found that claimant's medically determinable mental impairments of trauma/stress disorder and depression were not severe because they did not cause more than a minimal limitation on Plaintiff's ability to perform basic mental work activities. See AR 29. The ALJ found that Plaintiff had no limitation in understanding and mild limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. See AR 28-29. In making this finding, the ALJ gave "little weight" to the opinion of Dr. Julio Montano, Plaintiff's treating psychiatrist. AR 29. Plaintiff contends that the ALJ's non-severity finding and treatment of Dr. Montano's opinion were erroneous. See JS at 3-9.

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. §§ 404.1527(c), 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a nonexamining physician's opinion. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014). When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. The ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). The weight accorded to

a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. § 416.927(c).

Dr. Montano completed a mental RFC questionnaire on December 15, 2015. See AR 548-52. Dr. Montano indicated that Plaintiff's mental impairments would preclude her from completing a normal workday and workweek without interruption from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, indicating this would preclude performance for more than 15% of the work day. See AR 550. Dr. Montano also indicated Plaintiff would be "off-task" 30% of the time and miss more than five days of work per month. AR 551. The ALJ assigned "little weight" to the opinion of Dr. Montano, "because it is inconsistent with the unremarkable mental status examinations in the claimant's medical records." AR 29. Instead, the ALJ gave "great weight" to the opinion of an examining psychiatrist and two non-examining, state agency physicians. AR 29.

The ALJ provided specific and legitimate reasons to discount Dr. Montano's opinion. As an initial matter, the ALJ was not required to accept Dr. Montano's opinions as they were inadequately supported by clinical findings. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (finding that the ALJ is not required to accept medical opinions that are inadequately supported by clinical findings). Additionally, as the ALJ noted, the extreme limitations assessed by Dr. Montano in his December 2015 questionnaire were inconsistent with the minimal findings reflected in Plaintiff's treatment records. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that inconsistency with treatment records is a specific and legitimate reason to reject a medical opinion). In October 2016, Dr. Montano himself noted

4

"logical and linear" thought, "baseline" cognitive functions, "fair" insight and judgment, "intact" memory, and attention and concentration, "good" mood, and that Plaintiff was oriented to time, place, and person. AR 559-60. In October 2014, the examining psychiatrist, Dr. Mary Bridges, made no remarkable findings after a mental status examination. See AR 515-16. And Dr. Montano's treatment records are similarly unremarkable; they do not support the limitations contained in his December 15, 2015 opinion. See AR 563-73.

Plaintiff assails the weight given to Dr. Bridges's opinion, arguing that it was internally inconsistent. See JS at 8-9. The Court disagrees. As noted above, Dr. Bridges's findings after a mental status examination were unremarkable. See AR 515-16. Dr. Bridges noted that although Plaintiff was seeing a psychologist she had no history of psychiatric treatment or taking psychotropic medication. See AR 516. Dr. Bridges expressly noted that the "exaggeration of symptoms for financial gain . . . cannot be excluded." Id. Dr. Bridges opined that Plaintiff had "no limitations" with simple and repetitive tasks, detail and complex tasks, performing work on a consistent basis without special supervision, completing a normal work week, accepting instructions, interacting with coworkers, and "no difficulties" handling the normal stress of work. AR 517. Dr. Bridges's independent assessment of Plaintiff's limitations, which were consistent with Plaintiff's mostly unremarkable clinical results, provided substantial evidence for the ALJ's findings. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (opinions of examining physicians may serve as substantial evidence if consistent with independent clinical findings or other evidence in the record).

Moreover, it is the ALJ's province to synthesize the medical evidence. See Lingenfelter v. Astrue, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When evaluating the medical opinions of treating and examining physicians, the ALJ

has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."); Morgan, 169 F.3d at 603 (holding that ALJ was "responsible for resolving conflicts" and "inconsistencies between [doctors'] reports"). To the extent that the medical evidence may be susceptible to more than one rational interpretation, the Court must defer to the ALJ's determination. See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1985) ("If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ.").

In sum, although the threshold required to show that an impairment is severe at step two is "minimal," Plaintiff did not meet her burden of showing that her mental impairments were sufficiently severe to negatively affect her ability to perform work-related functions. Accordingly, remand is not warranted on Plaintiff's claim of error.

**B.     The ALJ Properly Assessed Plaintiff's Credibility**

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. at 1014-15 (citation omitted). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" Id. at 1015 (quoting Moore v. Comm'r, SSA, 278 F.3d 920, 924 (9th Cir. 2002)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater,

6

157 F.3d 715, 722 (9th Cir. 1998). "[B]ecause the claimant's subjective statements may tell of greater limitations than can medical evidence alone," "the ALJ may not reject the claimant's statements regarding her limitations merely because they are not supported by objective evidence." Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); see also Robbins v. SSA, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence.").

Here, the ALJ determined that Plaintiff had presented underlying medical evidence, which could reasonably be expected to produce the pain or other symptoms alleged. AR 31. However, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not "entirely consistent with the medical evidence and other evidence." AR 31. The ALJ then detailed why Plaintiff's statements about her shoulder pain, symptoms of fatigue and weakness, and mental health limitations were not supported by the record. See AR 31-32.

Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting her subjective symptom testimony. See JS at 19-24. The Court disagrees.

The ALJ reviewed the lack of objective medical evidence to support Plaintiff's testimony about her right shoulder and her claims of constant pain and fatigue. The ALJ noted that an MRI in February 2015 showed only a small chondral defect of the lateral humeral head with no evidence of a torn supraspinatus tendon. See AR 31 (citing AR 539). The ALJ noted that Plaintiff's treating physician had observed a reduced range of motion but described it as due to "subjective guarding" rather than real pain. See AR 31 (quoting AR 448). And the ALJ noted that the consulting orthopedist found a reduced range of motion but also found that Plaintiff failed Jobe's test due to

7

guarding and that her arm was "neurologically . . . intact." See AR 31 (citing AR 509). The ALJ also noted that her medical records did not contain a proper examination of fibromyalgia and that in fact her treating physician had expressed doubt that she had fibromyalgia. See AR 32. While a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be considered. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ noted Plaintiff's conservative treatment history of medications and physical therapy for her shoulder pain and diet rather than medication for her fatigue and weakness. See AR 31-32. A conservative course of treatment can be a clear and convincing reason for discounting a claimant's symptom testimony. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) (finding "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

A different ALJ may have found Plaintiff more credible. But this Court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Because the conservative nature of Plaintiff's treatment provides a clear and convincing reason to discount her symptom testimony in addition to the lack of objective medical evidence, any error in the ALJ's other rationale to reject the Plaintiff's symptom testimony was harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (holding that an error is harmless when it is "inconsequential to the ultimate nondisability determination").[3] Remand is not warranted on this claim of error.

---

[3] Under the heading of whether the ALJ properly evaluated Plaintiff's testimony, Plaintiff also presents the argument that the ALJ failed to give proper weight to the testimony of her roommate. See JS at 21-23. To discount the testimony of a lay witness the ALJ must provide reasons germane to each witness. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ

C.  **The ALJ's Step Five Findings**

Finally, Plaintiff argues that the ALJ erred by finding Plaintiff could return to her past work as a driving instructor (DOT 099.223-010) or substance abuse counselor (DOT 045.107-058). See JS at 30-32. Plaintiff argues that being a driving instructor requires frequent reaching and handling while being a substance abuse counselor now requires a license Plaintiff does not have. Even assuming Plaintiff is correct, and she cannot perform her past relevant work, the ALJ alternatively found that Plaintiff could work as a ticket seller (DOT 211.467-030), a cashier 2 (DOT 211.462-010), and a sales attendant (DOT 299.677-010). See AR 34. Plaintiff has not presented any argument that she would be unable to perform these jobs other than her argument that the ALJ improperly gave little weight to Dr. Montano's opinion. As discussed above, the ALJ had specific and legitimate reasons to give little weight to Dr. Montano's opinions. Based on the opinions that the ALJ credited, Plaintiff was able to perform these jobs. Therefore, any error the ALJ committed concerning Plaintiff's past relevant work is harmless because the ALJ properly identified other jobs in the national economy that Plaintiff can do. See Tommasetti, 533 F.3d at 1038 (holding that an error is harmless when it is "inconsequential to the ultimate nondisability determination").

---

discounted the roommate's testimony because she is not medically trained, she is not disinterested as Plaintiff's roommate, her opinion does not reflect the overall medical evidence, and she essentially restated the Plaintiff's subjective testimony. The similarity to Plaintiff's subjective symptom testimony provided a germane reason to reject Ms. Reese's testimony. See Valentine v. Comm'r SSA, 574 F.3d 685, 694 (9th Cir. 2009). Because the ALJ had a germane reason to reject Ms. Reese's testimony, this Court need not address the ALJ's other reasons.

## III. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Date: September 30, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge